# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AXIS INSURANCE COMPANY ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 19-85 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| MICHAEL FRANITTI ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Defendant's Motion to Dismiss (Doc. 20) will be denied.

This case involves a claim for declaratory relief and awards of reimbursement and damages relating to payments made from an insurance policy held by Defendant. Defendant seeks dismissal only of the fourth claim of damages pursuant to the Pennsylvania Insurance Fraud Statute (18 Pa. C. S. § 4117).

Defendant's grounds for dismissal are twofold: that Plaintiff fails to meet the pleading requirements of Federal Rule of Civil Procedure 9(b) and that Plaintiff failed to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) by inadequately pleading facts required by 18 Pa. C. S. § 4117.

Defendant argues that Plaintiff's complaint fails to allege that Defendant himself committed the fraud. This Court agrees with Plaintiff's argument that the plain language of the statute does not support that argument, provided that the evidence Defendant caused to be filed was, in fact, false or misleading. By virtue of having his doctor submit paperwork on his behalf, presumably to support his insurance claim, Defendant "cause[d] to be presented" to the insurer

false or misleading information as stated by 18 Pa. C. S. § 4117. *See* Commonwealth v. Palmer, 2017 WL 5157613 (Pa. Sup. Nov. 17, 2017).

As to Defendant's argument that the Amended Complaint fails to show that Defendant acted knowingly and with intent to defraud, as required by 18 Pa. C. S. § 4117, the Court finds that at this stage in the proceedings, Plaintiff has met its burden. The Complaint alleges that medical forms were filed on Defendant's behalf that indicated that Defendant was unable to return to work due to an inability to bend, kneel, squat or climb and having limited capacity to stand and walk. *See* Amended Complaint, Doc. 19 at ¶ 24. Taking Plaintiff's allegations that surveillance and other evidence revealed that these statements were false, such as surveillance demonstrating that Defendant could stand and bend, a reasonable inference exists that Defendant knew he would not qualify for disability payments and submitting any documentation to the contrary would constitute fraud.[1] Doc. 19 at ¶ 26-27.

The Court finds that Defendant's argument that the medical forms did not constitute a "statement forming a part of, or in support of, a claim that contains any false, incomplete or misleading information concerning any fact or thing material to the claim" also lacks merit. 18 Pa. C. S. § 4117. Defendant misreads the statute. The statement does not itself need to be a fact, but rather, related to "any fact or thing material to the claim." *Id.* Defendant's doctor's opinion that, according to Plaintiff, was false or at least contained false or misleading information,

---

[1] At this stage, the Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (citation omitted). However, the Court cautions that Plaintiff will need significantly more evidence to support its claims of intent or knowledge on Defendant's part to succeed at future stages of these proceedings.

certainly constitutes a statement concerning Defendant's ability to work (a fact material to the claim).

Consistent with the foregoing, Defendant's Motion to Dismiss (**Doc. 20**) is **DENIED**. IT IS SO ORDERED.

November 25, 2019						s\Cathy Bissoon									
								Cathy Bissoon
								United States District Judge

cc (via ECF email notification):

All Counsel of Record