IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AXIS INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-85 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| MICHAEL FRANITTI | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Non-Party FastTrack Return to Work Services ("FastTrack") Motion to Quash and Objections to Nonparty Deposition Subpoena ("Motion to Quash") (Doc. 74) is granted.

FastTrack objects to a subpoena issued by Defendant, Michael Franitti, on the grounds that the subpoena will subject FastTrack to undue burden, and that it seeks trade secret information. FastTrack argues that it has already made available, on two occasions, a witness for deposition, for a total of approximately 8.5 hours. Motion to Quash at Ex. 3, ¶¶8-9. Further, it notes that it made its Chief Operating Officer, Paul Taylor, available to answer questions posed by Defendant's counsel on multiple occasions. Id. at Ex. 2, ¶¶11-12.

The Court finds that subjecting FastTrack to a third deposition would result in undue burden under Fed. R. Civ. P. 45(d)(3), and that Defendant's subpoena must be quashed. In balancing the relevance and need of this information, versus the harm to FastTrack, it is clear that a third deposition is not necessary in this case. See S.R. v. Pennsylvania Dept. of Human Services, No. 1:17-CV-2332, 2020 WL 869923, at *2 (M.D. Pa. Feb. 21, 2020). While Defendant argues that the information provided by FastTrack is essential to his case, the Court

agrees with FastTrack that such information has already been provided in the previous depositions.  The Court does not see any need to depose any additional individuals regarding the intricacies of FastTrack's software and technicalities about how it made its determination regarding Defendant's occupational matching.  Testing different data and inputs on FastTrack's software is irrelevant to the core of the dispute: which is whether Defendant was disabled and entitled to benefits under Plaintiff's policy.  FastTrack has provided the factual information that it used to make its determination.  Defendant is welcome to engage his own expert to dispute FastTrack's results, but asking FastTrack to disclose its methodologies and technology is neither relevant nor necessary in a manner that would outweigh the burden on FastTrack to produce another individual for a deposition or produce documents that would disclose its proprietary information.

Finally, the Court has previously (and repeatedly) emphasized the need for discovery in this case to be proportionate and consistent with the Federal Rules of Civil Procedure.  It is clear that no one has, to date, heeded that direction.  Despite having presided over many similar cases, the Court has rarely seen the magnitude of discovery related disputes as it has in this relatively straightforward case.  The parties are reminded to focus on the remaining, relevant issues in this case.

Consistent with the foregoing, FastTrack's Motion to Quash (**Doc. 74**) is **GRANTED**.

IT IS SO ORDERED.

November 12, 2020                                    s/Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States District Judge

cc (via ECF email notification):

All Counsel of Record