IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AXIS INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-85 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| MICHAEL FRANITTI | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Axis Insurance Company's ("Axis") Motion for Reconsideration (Doc. 81) is denied.

Axis does not meet any of the standards required for reconsideration.  See Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (requiring a change in controlling law; newly-acquired and previously unavailable evidence; clear error of law or fact; or manifest injustice).

Contrary to Plaintiff's claims, the Court finds that attorney Kristin Gallagher likely possesses crucial factual information regarding the denial letters at issue in this case.  See Fleming Steel Co. v. Jacobs Eng'g Grp., Inc., No. 2:16-CV-00727-NBF (W.D. Pa. Dec. 21, 2017) (noting that it may be appropriate to depose adverse counsel when she may be a fact witness).  As Defendant notes, he has deposed multiple individuals, who, under oath, disclaimed drafting the denial letter and, in one witness's case, pointed to Ms. Gallagher as its drafter.  See Motion for Reconsideration, Deposition Transcript of Christine Prutting, Ex. 2, at 161:8-163:20 (during deposition, Plaintiff's 30(b)(6) witness noted that to her knowledge, nobody at Axis wrote the denial letter, that Axis did not generally draft denial letters in this fashion, and that she

did not know of anybody else who would have provided information for the denial letter). Thus, Defendant's authority is inapposite. It does not appear that Ms. Gallagher merely "assist[ed] with the preparation" of at least one denial letter, but rather played a crucial role in its creation, rendering her a key fact witness on the contents of the letter. As a result, the Court does not find any order directing Plaintiff to make Ms. Gallagher available for deposition contrary to the law.

Additionally, the Court is not convinced that the drafts of the denial letters would contain privileged information, given that the purpose of such letters were to be transmitted to Defendant, regardless of the fact that they were drafted after the lawsuit commenced. But even if they were, the Court agrees with Defendant that Plaintiff has long since waived privilege. Notably, Axis's Motion for Reconsideration does not contain any response to Defendant's argument regarding Plaintiff's failure to produce privilege logs associated with its responses to Defendant's interrogatories. Plaintiff could have—and should have—produced such privilege logs contemporaneously with the decision to withhold documents. At this late stage in discovery, there is no excuse for Plaintiff's neglect of the Rules of Civil Procedure.

Finally, the Court disagrees that good cause exists for counsel's lack of compliance. Four attorneys of record appear on the docket, the other three of whom should have been capable of working with Defendant to seek an extension. Further, the Court had already issued its Order granting Defendant's relief hours before Plaintiff submitted its position papers, demonstrating yet again Plaintiff's disregard of this Court's Orders.

Consistent with the foregoing, Plaintiff's Motion for Reconsideration (**Doc. 81**) is **DENIED**.

IT IS SO ORDERED.

November 12, 2020

s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record