IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AXIS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff/Counter Defendant, ) | |
| ) | Civil Action No. 19-85 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| MICHAEL FRANITTI, ) | |
| ) | |
| Defendant/Counter Claimant. ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons that follow, Axis' Motion for Partial Summary Judgment (Doc. 134) seeking dismissal of Franitti's bad faith counterclaim will be granted; Franitti's Motion for Partial Summary Judgment (Doc. 132) will be granted, only with respect to Axis' fraud claim, and Franitti's Motion to Exclude Expert Testimony (Doc. 133) will be denied.

### BACKGROUND

Two weeks after informing Franitti that he was no longer "totally disabled" under its policy, Axis filed this lawsuit seeking a declaration that it had no further duty to provide disability benefits to Franitti and that it was entitled to reimbursement for overpayments made under the policy, as well as asserting a claim under Pennsylvania's insurance fraud statute. *See generally* Am. Compl. (Doc. 19) ¶¶ 4, 31, 66–69. At the parties' request, the lawsuit was stayed so Franitti could internally appeal Axis' decision to terminate his benefits. (Doc. 26.) After Axis affirmed its decision, Franitti counterclaimed for breach of contract and for violation of Pennsylvania's bad faith statute. *See generally* Answer (Doc. 37) at 23–25.

### ANALYSIS

**A.    Axis' Motion for Partial Summary Judgment**

On summary judgment, Axis argues that Franitti's bad faith counterclaim necessarily fails because the record reflects that Axis had a reasonable basis for denying coverage. *See* Axis' Br. (Doc. 99) at 12–19 (citing record evidence). The Court agrees. *See* Rancosky v. Washington Nat'l Ins. Co., A.3d 364, 365 (2017) (To prevail on a Pennsylvania bad faith insurance claim, "the plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis.").

Franitti's counter, that Axis acted in bad faith by failing to conduct a meaningful investigation, *see generally* Franitti's Opp'n Br. (Doc. 113) at 3–17, is untenable for two reasons. First, the Court rejects Franitti's argument that Axis failed to consider all the relevant evidence before disclaiming coverage. To the extent that this argument is premised on Axis' failure to discuss certain evidence in its denial letters, Franitti's Opp'n Br. at 4–6, 14–16, the record reflects that Axis *did* consider all the documents contained in Franitti's claim file. Axis' Resp. to Franitti's Counterstatement of Facts (Doc. 118) at ¶¶ 1, 3, 4, 5, 25 & 28. Second, as Axis points out, Franitti "cites to no claim handling guideline or standard, which provides that every piece of evidence considered by an insurer must be discussed in a denial letter." Axis' Reply Br. (Doc. 117) at 6 n.5.

The Court also disagrees with Franitti's contention that Axis' commencement of this lawsuit, coupled with its litigation conduct, sufficiently establishes bad faith. Franitti's Opp'n Br. at 6–9, 20–21. While it is true that, as a general matter, an insurer's use of litigation in a bad faith effort to evade its duty may be actionable, what Franitti fails to appreciate is that a bad faith claim still is "established upon a showing that the insurer 'refused to pay the proceeds of [the] policy' because of 'a frivolous or unfounded reason[.]'" Duda v. Standard Ins. Co., 649

F. App'x 230, 237 (3d Cir. 2016) (quoting Hollock v. Erie Insurance Exchange, 842 A.2d 409, 416 (Pa. Super. Ct. 2004)). And Franitti has not made such a showing.

The Court also is not persuaded by Franitti's argument that Axis acted in bad faith by failing to evaluate *all* of his medical conditions on appeal and, instead, by limiting its review to his right knee only. Franitti's Opp'n Br. at 10–11. Indeed, the record reflects that the injury "covered" under the policy, and for which Franitti filed a claim, was to his right knee.[1] *See* Axis' Reply Br. at 5 (citing record evidence). Finally, Franitti provides no legal authority to support his assertion that Axis' failure to have a "fresh, independent set of eyes," as well as medical personnel, review his claim on appeal constitutes bad faith. Franitti's Opp'n Br. at 11–14, 17–18.

For all of these reasons, Axis' Motion for Partial Summary Judgment will be granted.

### B.  Franitti's Motion for Partial Summary Judgment

Franitti argues that it is entitled to summary judgment on his breach of contract counterclaim as well as Axis' fraud claim. *See generally* Franitti's Br. (Doc. 101) at 1.

Summary judgment is not warranted on Franitti's breach of contract counterclaim for two reasons. First, to the extent that Franitti contends that policy's definition of a "covered injury" should be interpreted to mean "due in part to a covered injury," Franitti's Br. at 2; *see id.* at 22–26 (arguing that the policy language is ambiguous), the Court already has rejected this contention in resolving Axis' Motion for Partial Summary Judgment. *See supra* n.1. Second, Franitti concedes that there is a difference of opinion between the parties' experts regarding his

---

[1] With respect to the policy's definition of a "covered injury," the Court rejects Franitti's attempt to read ambiguity—where none exists—to demonstrate bad faith or breach of contract. *See* Cigna Corp. v. Executive Risk Indem., Inc., 111 A.3d 204, 212 (Pa. Super. 2015) ("[T]he words of [an] insurance policy must be construed in their natural, plain, and ordinary sense.").

functional capacity. *See* Franitti's Br. at 2 (acknowledging that Hoffner's opinion does not align completely with Fowler's opinion). The Court cannot imagine how this concession, coupled with the other differing expert opinions regarding Franitti's functional capacity and employability, *see* Axis' Opp'n Br. (Doc. 109) at 8–9; 15–18 (citing record evidence), properly may be read in Franitti's favor as relates to summary judgment.[2]

As to Axis' fraud claim, the Court agrees with Franitti that Hoffner's opinion hardly is "a valid basis to rest a claim for fraud," because "[i]f a difference of medical opinions was a sufficient basis for fraud, a fraud claim would accompany every denial of a disability insurance claim." Franitti's Br. at 12–13. Additionally, the Court previously had cautioned Axis that it "will need significantly more evidence to support its claims of intent or knowledge on [Franitti's] part to succeed at future stages of these proceedings." Order on Mot. to Dismiss (Doc. 36) at 3 n.1. But Axis' evidence is deficient. S*ee* Axis' Opp'n Br. at 12–14 (citing record evidence). To be sure, Axis' reliance on Franitti's volunteer activities is misplaced because the policy neither contains a prohibition on volunteering, nor requires claimants to notify Axis if or when they volunteer. *See* Franitti's Reply Br. (Doc. 115) at 1 (citing record evidence).

Accordingly, Franitti's Motion for Partial Summary Judgment will be granted as to Axis' fraud claim.

C. **Franitti's Motion to Exclude Expert Testimony**

After devoting a considerable portion of his summary judgment brief challenging the opinions of Axis' vocational expert, Terry Leslie, *see generally* Franitti's Br. (Doc. 101) at 7–10; 14–22, Franitti also seeks to exclude that testimony under Federal Rule of Evidence 702 and

---

[2] Tangentially, Franitti also seeks dismissal of Axis' claim for reimbursement. Franitti's Br. at 1. But, because these discrepancies raise disputed issues of material fact, that claim also is ill-suited for resolution at this stage.

Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).  But even a cursory examination of Franitti's *Daubert* Brief (Doc. 104) reveals that there are no issues as to Leslie's qualifications, the reliability of his testimony or whether his testimony fits the dispute.  *See* UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres, 949 F.3d 825, 832 (3d Cir. 2020) ("As gatekeeper, a trial judge has three duties: (1) confirm the witness is a qualified expert; (2) check the proposed testimony is reliable and relates to matters requiring scientific, technical, or specialized knowledge; and (3) ensure the expert's testimony is sufficiently tied to the facts of the case, so that it fits the dispute and will assist the trier of fact.").

Therefore, the Court will summarily deny Franitti's *Daubert* Motion, based on the reasons stated by Axis in its Brief in Opposition (Doc. 112), which are incorporated by reference herein.  Suffice to say, while Franitti may challenge Leslie's opinions and the basis for them, such challenges properly go to the weight those opinions, not their admissibility.

Consistent with the foregoing, the Court hereby enters the following:

## II.  ORDER

Axis' Motion for Partial Summary Judgment (**Doc. 134**) is **GRANTED**; Franitti's Motion for Partial Summary Judgment (**Doc. 132**) is **GRANTED** only as to Axis' fraud claim and **DENIED** in all other respects; and Franitti's Motion to Exclude Expert Testimony (**Doc. 133**) is **DENIED**.

IT IS SO ORDERED.

September 28, 2022                                                s/Cathy Bissoon
                                                                  Cathy Bissoon
                                                                  United States District Judge

cc (via ECF email notification):
All Counsel of Record