IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AXIS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff/Counter Defendant, | ) | Civil Action No. 19-85 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| MICHAEL FRANITTI, | ) | |
| | ) | |
| Defendant/Counter Plaintiff. | ) | |

## MEMORANDUM ORDER

The pending post-trial motions (Docs. 211, 214 & 216) will be denied.

In arguing that no reasonable jury could have found Mr. Franitti "Totally Disabled," AXIS argues Mr. Franitti failed to carry his burden regarding his breach of contract claim and AXIS's declaratory judgment claim. *See generally* AXIS Br. (Doc. 212). Clearly, however, the jury was able to compare the assertions of Plaintiff and his treating physician, against those of AXIS's witnesses, in determining what transpired. Such determinations are naturally based upon credibility determinations. Simply put, here, it is clear that the jury found Mr. Franitti's story more credible, *see* Franitti Resp. Br. (Doc. 226) at 7–15 (citing evidence), and Mr. Franitti presented sufficient evidence to uphold the verdict, *see id.*; *see also* Findings of Fact & Conclusions of Law (Doc. 31) at ¶¶ 29–31, 33–36. Indeed, that the jury questioned whether other occupations could be considered, *see* Jury Question No. 2 (Doc. 206), evinces its measured consideration of the evidence. The Court declines to disturb its findings.

Yet AXIS asserts that, as a matter of law, Mr. Franitti failed to prove to a reasonable degree of medical certainty that he remained Totally Disabled after AXIS discontinued his benefits, through and after trial. AXIS's arguments hinge on the fact that Mr. Franitti failed to put forth expert testimony that his disability was and is still "due to" a Covered Injury, *see* AXIS

Br. 14–18; AXIS Reply (Doc. 228) at 4–5, or evidence that he received any care by a physician for his knee conditions since 2019, *see* AXIS Br. 12–14.  AXIS also argued that Mr. Franitti was able to engage in any Reasonable Occupation given his volunteer activities.  *See id*. 19–21.  First, the jury clearly disagreed that Mr. Franitti's volunteer activities were inconsistent with a finding of Total Disability.  Second, as Mr. Franitti correctly argues, the jury also was presented evidence that AXIS itself repeatedly determined that Mr. Franitti's bilateral knee injuries were Covered Injuries through at least until 2020, which was after his benefits were terminated in 2018, and after knowing that Mr. Franitti had not received care from a physician for his knee conditions since 2019.  *See* Franitti Resp. 7–15 (citing trial evidence); *see also* Findings of Fact ¶¶ 29–31.  The jury also heard testimony from **AXIS's retained physician** who testified that Mr. Franitti's increased probability for revision surgery is a continuing injury, *see* Franitti Resp. at 7–8, 13 (citing Jewell Dep. 40:7–41:24); *see also* Findings of Fact ¶ 30, and weighed this testimony against evidence that Mr. Franitti nevertheless may have needed surgery for underlying knee issues within 10 years from the date of his Covered Injury in 2013, *see* AXIS Br. 8–13.  It was within the province of the jury to weigh all the evidence presented at trial, and there is nothing to suggest that the jury did not.  Thus, it was reasonable for the jury to find that Mr. Franitti was Totally Disabled under the Policy.[1]

---

[1] Mr. Franitti's "mend the hold" and "proof of loss" arguments, *see* Franitti Resp. 12, 15–16, are inapplicable for substantially the same reasons provided by AXIS, *see* AXIS Reply 5.  Although the Court agrees that AXIS's 2018 denial was based on its belief that Mr. Franitti could engage in a Reasonable Occupation, *see* Prutting Tr. Testimony 46:15–47:19, the plain text of the Policy's conditions and the five-year review period suggest that an insured may not remain Totally Disabled, which inherently requires proof that an insured's disability was due to a Covered Injury after five years from the date of the Covered Injury.  Additionally, Mr. Franitti's proof of loss argument and cases, Franitti Resp. 15–16, relate to technical violations of a policy's proof of loss provision rather than address whether an insured qualifies for continuing benefits, *see* AXIS Reply 5.  Notwithstanding the inapplicability of Mr. Franitti's arguments, the jury determined Mr. Franitti carried his burden of proving that he was Totally Disabled (*i.e.*, his Total

AXIS also seeks, in effect, an end-run around the jury's verdict for a post-verdict declaration that Mr. Franitti is no longer Totally Disabled. Although the Court agrees with the parties that this period was not presented to the jury, for the Court to find in AXIS's favor – effectively one day after trial – necessarily would contradict the jury's verdict. More importantly, nothing has been presented to the Court since trial that casts doubt on the continuing validity of the jury's verdict, and the Court's findings on this issue do not differ from that of the jury. Accordingly, the Court finds Mr. Franitti is entitled to future (post-verdict) Total Disability benefits based on the facts presented at trial.[2]

Finally, because the jury's finding was based on a legally sufficient evidentiary basis for the reasons discussed above, and was thus, not contrary to the weight of the evidence, the Court will deny the parties' requests for a new trial. *See* Levy v. Schmidt, 573 F. App'x 98, 105 (3d Cir. 2014) ("[T]he jury's finding was based on a legally sufficient evidentiary basis, and was thus, not contrary to the weight of the evidence.")

Consistent with the foregoing, the parties' post-trial motions (**Docs. 211, 214 & 216**) are **DENIED**.

**IT IS SO ORDERED**.

June 20, 2024                    s/Cathy Bissoon
                                 Cathy Bissoon
                                 United States District Judge

cc (via ECF email notification):
All Counsel of Record

---

Disability determination at the five-year period was due to a Covered Injury and that he was receiving care from a physician for that injury) for the reasons previously stated herein.

[2] The Court's Findings of Fact and Conclusions of Law on the declaratory judgment action will be filed separately.