**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AXIS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff/Counter Defendant, | ) | Civil Action No. 19-85 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| MICHAEL FRANITTI, | ) | |
| | ) | |
| Defendant/Counter Plaintiff. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER**

Plaintiff AXIS Insurance Company ("AXIS") seeks judgment as a matter of law on AXIS's claim for a declaration that Defendant Michael Franitti is entitled to no future (post-verdict) Total Disability benefits because he failed to carry his burden of establishing that he has satisfied the relevant Policy terms. The parties stipulated to Fact Nos. 1–11 and 14–28, *see* Joint Amended Statement of Stipulated Facts (Doc. 192), which were read into the record during trial, *see* Tr. vols. 3 (Doc. 222) and 4 (Doc. 223) and incorporated by reference herein. With respect to the other facts and conclusions of law, the Court hereby rules as follows:

### I.   FINDINGS OF FACT

1. Defendant Michael Franitti joined the Holiday Park Volunteer Fire Department as a volunteer firefighter in 2004. (Stip. Facts ¶ 1; Tr. vol. 3, 85:8–10; Tr. vol. 4, 65:3–5).

2. In 2013, Mr. Franitti also worked full time as a fire-suppression technician with ABCO Fire Protection, Inc., inspecting and repairing fire extinguishers. (Stip. Facts ¶ 2; Tr. vol. 3, 85:11–13; Tr. vol. 4, 65:6–8).

3. On September 29, 2013, in his capacity as a volunteer firefighter, Mr. Franitti was injured while responding to a house fire. (Stip. Facts ¶ 3; Tr. vol. 3, 85:14–16; Tr. vol. 4, 65:9–11).

4. On the date of Mr. Franitti's injury, the Plum Fire Chiefs Association held an insurance policy called a "Blanket Accident Insurance Policy" ("Policy"). The Policy provides certain benefits for volunteer firefighters of the Holiday Park Volunteer Fire Department, in accordance with the insurance Policy's terms. The Policy is a valid contract. (Stip. Facts ¶ 4; Tr. vol. 3, 85:16–19, 86:1–4; Tr. vol. 4, 65:12–18).

5. AXIS Insurance Company, the Plaintiff in this case, has the responsibility for paying claims under the Policy. (Stip. Facts ¶ 5; Tr. vol. 3, 86:5–6; Tr. vol. 4, 65:19–21).

6. AXIS contracts with Provident Agency ("Provident") to review and administer claims made under certain policies, including the Policy that covered Mr. Franitti's claim. Provident and AXIS would review disability claims and cases together, but as between the two, in this case, AXIS had the final decision-making authority to accept and pay, or to decline to pay, Mr. Franitti's claim. (Stip. Facts ¶ 6; Tr. vol. 3, 86:7–14; Tr. vol. 4, 65:22–66:3).

7. On October 4, 2013, Mr. Franitti submitted a "First Notice of Claim" to Provident, stating he suffered a "sprain/strain to (R) knee" as a result of the September 29, 2013 incident. (Stip. Facts ¶ 7; Tr. vol. 3, 86:15–17; Tr. vol. 4, 66:4–7).

8. However, Mr. Franitti decided not to pursue his claim for disability benefits under the Policy at that time. (Stip. Facts ¶ 8; Tr. vol. 3, 86:18–19; Tr. vol. 4, 66:8–9).

9. From the date of Mr. Franitti's September 29, 2013 accident through July 31, 2014, Mr. Franitti continued to work for ABCO. (Stip. Facts ¶ 9; Tr. vol. 3, 86:20–22; Tr. vol. 4, 66:10–12).

10. On August 1, 2014, Mr. Franitti requested Provident to re-open his claim under the Policy. (Stip. Facts ¶ 10; Tr. vol. 3, 86:23–4; Tr. vol. 4, 66:13–14).

11. Provident, on AXIS's behalf, confirmed that Mr. Franitti's injury claim was a "Covered Injury" under the terms of the Policy and began issuing Mr. Franitti disability benefits. (Stip. Facts ¶ 11; Tr. vol. 3, 86:24–87:2; Tr. vol. 4, 66:15–17).

12. Under the Policy, the term "Covered Injury" means "an accidental bodily injury, which is sustained by any Insured Person during and/or resulting directly from a Covered Activity while this policy is in force." (Joint Ex. 1; Trial Tr. vol. 1 (Doc. 220) 48:4–8).

13. Mr. Franitti was an "Insured Person" under the Policy on September 29, 2013, and his injury in the house fire on that date was a "Covered Activity" under the Policy. (Joint Exs. 1, 39; Tr. vol. 1, 47:16–48:3, 52:14–54:17).

14. Under the terms of the Policy, for the first five years from the date of a "Covered Injury" the definition of "Total Disability" means that the Insured Person, such as Mr. Franitti:

> 1.) is not able to perform the substantial and material duties of his or her occupation; and
> 2.) is receiving care by a physician, which is appropriate for the condition causing the disability.

(Stip. Facts ¶ 12; Tr. vol. 3, 87:3–10; Tr. vol. 4, 66:18–25).

15. AXIS paid Mr. Franitti disability benefits under the Policy from August 1, 2014 through November 20, 2018. (Stip. Facts ¶ 13; Tr. vol. 3, 87:11–12; Tr. vol. 4, 67:1–2).

16. Under the terms of the Policy, five years after the date of a Covered Injury, a different set of factors is used to determine whether an Insured Person continues to be entitled to disability benefits. (Stip. Facts ¶ 14; Tr. vol. 3, 87:1–12; Tr. vol. 4, 67:3–6).

17. Under the terms of the Policy, five years after the date of a Covered Injury, "Totally Disabled" means that "due to a Covered Injury . . . the Insured Person:

> 1.) is not able to engage in any Reasonable Occupation; and
> 2.) is not working at any other occupation; and
> 3.) is receiving care by a physician, which is appropriate for the condition causing the disability."

(Stip. Facts ¶ 15; Tr. vol. 3, 87:17–24; Tr. vol. 4, 67:7–14).

18. Under the terms of the Policy, Reasonable Occupation "means any occupation for which the Insured Person is reasonably fitted based on education, training or experience and the Insured Person could expect to generate the lesser of $75,000 or at least 70% of Weekly Earned Income."  (Stip. Facts ¶ 16; Tr. vol. 3, 87:25–88:5; Tr. vol. 4, 67:15–20).

19. Under the terms of the Policy, "Weekly Earned Income" is the greater of the Insured Person's:

> 1.) Weekly Earned Income at the time the disability starts; or
> 2.) average Weekly Earned Income for the period of one year prior to the start of disability for which a claim is made.

(Stip. Facts ¶ 17; Tr. vol. 3, 88:6–12; Tr. vol. 4, 67:21–68:2).

20. Mr. Franitti's average Weekly Earned Income at the time his disability started was $64,404.60.  (Stip. Facts ¶ 18; Tr. vol. 3, 88:13–14; Tr. vol. 4, 68:3–4).

21. In the period leading up to the five-year anniversary of the accident, Provident and AXIS reviewed and investigated Mr. Franitti's claim to determine whether Mr. Franitti was "Totally Disabled" as defined by the Policy.  (Stip. Facts ¶ 19; Tr. vol. 3, 88:14–18; Tr. vol. 4, 68:5–8).

22. Provident notified Mr. Franitti on August 4, 2017, that it would be conducting its five-year assessment of his claim.  (Stip. Facts ¶ 20; Tr. vol. 3, 88:19–20; Tr. vol. 4, 68:9–11).

23. Based on the results of its five-year assessment, AXIS determined that Mr. Franitti was not "Totally Disabled" as that term is defined under the Policy.  (Stip. Facts ¶ 21; Tr. vol. 3, 88:21–23; Tr. vol. 4, 68:9–11).

4

24. On January 11, 2019, Provident notified Mr. Franitti that no additional disability benefits would be paid to him under the Policy, effective November 30, 2018, and notified him that he had 180 days to appeal this decision. (Stip. Facts ¶ 22; Tr. vol. 3, 88:24–89:2; Tr. vol. 4, 68:15–18).

25. On January 25, 2019, AXIS filed this lawsuit, seeking a declaration that it owes no additional disability benefits to Mr. Franitti under the Policy. (Stip. Facts ¶ 23; Tr. vol. 3, 89:3–5; Tr. vol. 4, 68:19–21).

26. On May 28, 2019, the Court ordered this lawsuit stayed to allow Mr. Franitti to submit an appeal to AXIS of its decision to discontinue paying disability benefits, which he did on July 10, 2019. (Stip. Facts ¶ 24; Tr. vol. 3, 89:6–9; Tr. vol. 4, 68:22–68:1).

27. On August 19, 2019, AXIS denied Mr. Franitti's appeal, and this lawsuit continued. (Stip. Facts ¶ 25; Tr. vol. 3, 89:10–11; Tr. vol. 4, 68:2–3).

28. On December 9, 2019, Mr. Franitti counter-sued AXIS, claiming he remained Totally Disabled under the Policy's definition and that AXIS breached the contract by terminating the payment of benefits to him. (Stip. Facts ¶ 26; Tr. vol. 3, 89:12–15; Tr. vol. 4, 69:4–7).

29. Since 2014 through at least until 2020, AXIS has determined that Mr. Franitti's bilateral knee injuries were Covered Injuries. (AXIS's Retained Physician's Claim Notes (Def.'s Ex. 9.1); Tr. vol. 2, 45:8–20, 46:11–14, 114:3–6).

30. Mr. Franitti's need for knee surgery related to the Covered Injury is a continuing injury as it exposes Mr. Franitti to risk-laden revision surgeries. (AXIS's Orthopedic Medicine/Orthopedic Surgery Witness Dr. Brian Jewell Tr. (Doc. 226-2) at 40:7–44:1).

31. Mr. Franitti was "receiving care by a physician, which is appropriate for the condition causing the disability" as required under the Policy. (Tr. vol. 2, 44:2–45:20, 134:19–24); AXIS's Retained Physician's Claim Notes; Dr. Fowler Notes dated March 19, 2019 (Pl.'s Ex. 52)).

## II.  CONCLUSIONS OF LAW

32. Pursuant to F.R.C.P. 52(b), "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly."

33. At trial, Franitti had the burden of proving by a preponderance of the evidence that he is entitled to additional, including future (post-verdict), Policy benefits.

34. Indeed, the Court previously held that the Policy's definition of Covered Injury is unambiguous, *see* Memorandum & Order (Doc. 138) at 3, and that the term "due to" as used in the definition of Totally Disabled does not mean "due in part to," *id*.  Yet after weighing all the evidence presented at trial and post-verdict, as set forth above, the Court concludes as a matter of law that Mr. Franitti sustained his burden of proof at trial that now, in this post-verdict period, he has a Covered Injury "resulting directly from a Covered Activity" (the September 29, 2013 incident).

35. Similarly, Mr. Franitti carried his burden of proof at trial on his claim that his alleged current and continuing Total Disability is "due to" that Covered Injury.

36. Mr. Franitti also met his burden of proving at trial, as is required by the Policy's definition of Totally Disabled, that, "due to a Covered Injury," he is now "receiving care by a physician, which is appropriate for the condition causing the disability."

### III.   ORDER

37.   Based on the foregoing Findings of Fact and Conclusions of Law, Judgment shall be entered in favor of Mr. Franitti and against AXIS as to Mr. Franitti's claim for future (post-verdict) Total Disability benefits and AXIS's claim for a declaration that no such additional Total Disability benefits are owed to Mr. Franitti.

38.   Mr. Franitti is entitled to receive post-verdict Total Disability benefits.  Mr. Franitti's action is dismissed on the merits.

June 20, 2024                                         s/Cathy Bissoon
                                                      Cathy Bissoon
                                                      United States District Judge

cc (via ECF email notification):
All Counsel of Record